Elbert Lee FOSTER *v.* STATE of Arkansas

CR 83-23                                      646 S.W.2d 699

Supreme Court of Arkansas
Opinion delivered February 28, 1983

*Mike Smith,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. In a non-jury trial appellant was convicted of theft by receiving and sentenced to four years imprisonment with two years suspended. Appellant questions "[w]hether the arresting officer had reasonable grounds to believe that the appellant had committed a

felony or a misdemeanor as defined" by A.R.Cr.P., Rule 3.1. He then argues that the policemen lacked a "reasonable suspicion" to believe that the appellant was engaged in criminal activity which justified the stop and arrest.

At approximately 9 p.m., two police officers in plain clothes and an unmarked car were cruising in a lighted area when they observed the appellant and another individual standing at the rear of a parked car, at a street intersection, with the trunk open. Appellant was holding what appeared to be a stick of bologna. He was showing items in the trunk to "other persons." As the officers drove by and looked, the appellant noticed them. He was "acting suspicious" and attempted to close the trunk. They stopped and observed in the open trunk several boxes of what appeared to be bologna which was later identified as Golden Platter Turkey and Ham Sticks, marked as "J.A.X." and "H.I." Boxes of unstamped cigarettes also were found in the trunk. At this point the officers arrested the appellant. The boxes of meat were later determined to be the property of Jacksonville High School.

We first observe that the policemen did not stop appellant. Neither did they detain him until after they saw the contents of the trunk of his car. In *Tillman, Huggins & Byrd* v. *State,* 275 Ark. 275, 630 S.W.2d 5 (1982), we explained the requirements of Rule 3.1. There we said:

> Our Rule of Criminal Procedure 3.1 gives a police officer the right to stop and detain for up to 15 minutes any person he reasonably suspects has committed a felony. Rule 2.1 defines the test as more than an imaginary or purely conjectural suspicion, but less than probable cause. Even the higher standard of probable cause requires much less than a certainty, as it is said to exist simply if the circumstances known to the officer would warrant a prudent man in believing a suspect had committed a crime. (Cites omitted.) It does not depend on the same type of evidence as would be needed to support a conviction.

Here, when we consider the factors surrounding the appellant's activity and conduct, it must be said a sufficient manifestation existed to suggest a reasonable suspicion on the part of the police officers that the appellant was engaged in some type of criminal activity.

Affirmed.